**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **EVELYN GRIGSBY and** | § | |
| **DENNIS GRIGSBY, SR.** | § | |
|    **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| | § | |
| **BRENT LAWING and CITY OF** | § | |
| **TEXARKANA and TEXARKANA** | § | |
| **POLICE DEPARTMENT** | § | |
|    **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE EASTERN DISTRICT JUDGE:

      COME NOW, Evelyn Grigsby and Dennis Grigsby, Sr., Individually, who bring this action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343, inclusive of 1343(a)(3) and 1343(a)(4), to vindicate their rights and the rights of their son, Dennis Grigsby, Jr., as guaranteed by the Fourth and Fourteenth Amendments of the Constitution and file this Original Complaint, complaining of the City of Texarkana, the Texarkana Police Department and Officer Brant Lawing and respectfully would show the Court as follows:

<u>Introductory Statement</u>

1.   This suit is filed by Plaintiffs, Evelyn Grigsby and Dennis Grigsby, individually, as parents of Dennis Grigsby, Jr., who was shot and killed by Officer Brent Lawing on December 15, 2014 as a result of the use of excessive, unnecessary and unreasonable deadly force while employed by Texarkana Police Department, City of Texarkana.

<u>Parties</u>

2. Plaintiffs Evelyn Grigsby and Dennis Grigsby, Sr. were the natural parents of the Dennis Grigsby, Jr., who was shot and killed by Officer Brent Lawing from the Texarkana Police Department on or about December 15, 2014.  Dennis Grigsby Jr. was approximately thirty-five (35) years of age at the time of his death and he was a citizen of the United States, a citizen of the State of Texas, and a resident of Texarkana, Texas.

3. Defendant Officer Brent Lawing is a police officer with the Texarkana Police Department who shot and killed Dennis Grigsby, Jr. on December 15, 2014.  He can be served with process at 100 N. State Line Ave. # 16, Texarkana, Texas.

4. Defendant City of Texarkana Police Department is responsible for hiring and training Officer Brent Lawing, who shot and killed Dennis Grigsby, Jr. It may be served with process at 100 N. State Line Ave. # 16, Texarkana, Texas.

5. Defendant City of Texarkana is a municipal corporation organized and existing under the laws of the State of Texas. Service of process may be delivered to Mr. Bob Bruggeman, Mayor, at 220 Texas Blvd, Texarkana, Texas.

<u>Jurisdiction</u>

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §§ 1983 and 1988.

7. The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that may arise from the same facts and circumstances under 28 U.S.C. § 1367 because they form

part of the same case or controversy as the claims over which this Court has original jurisdiction under the United States Constitution.

Venue

8.   Venue is proper pursuant to 28 U.S.C. § 1393 (b), in that the events or occurrences giving rise to Plaintiffs' claims occurred in the Eastern District of Texas.

Factual Background

9.   Dennis Grigsby, Jr. is the deceased son of Plaintiff's Evelyn Grigsby and Dennis Grigsby, Sr. Dennis Grigsby Jr. was profoundly mentally handicapped.  At the time of death, he lived with his mother in the 2700 block of Page Street, Texarkana, Texas.   On December 15, 2014, around 2:00 am, Dennis Grigsby Jr. wandered outside of his mother's house.   He became disoriented and wandered into the neighbor's open garage across the street from his mother's house.  The neighbors called 911 because they thought someone was trying to break into their house.   Officer Lawing responded to the call at the neighbor's residence across the street from the Dennis Grigsby Jr.'s residence and he encountered Dennis Jr. in his neighbor's driveway.  Officer Lawing shot and killed Dennis Grigsby, Jr.

10.  Dennis Grigsby Jr. was not armed.  He did not present a threat of harm to the officer or any other person.   Officer Lawing did not respond the way that a reasonably prudent officer would have responded under the same or similar circumstances.   He used excessive force, including the unauthorized use of deadly force.

11.  Upon information and belief, the Plaintiffs further state that the City of Texarkana, and the Texarkana Police Department failed to adequately train officer Lawing to handle situations like he encountered with Mr. Grigsby, including but not limited to how to approach dark

areas, calling for back-up officers, assessing the risk of harm to himself and others, communicating with members of the public, communicating with black men, knowing the difference between a spoon and a knife, and how to avoid killing unarmed men with mental illnesses

12. The City of Texarkana employs the City Council form of government and has delegated to the Chief of Police authority over the Texarkana Police Department, including the authority to hire, fire, discipline employees, and implement policies and procedures for the daily and long term operations of the Police Department. For these purposes, the Chief of Police for the Texarkana Police Department is the policy maker.

13. On information and belief, Plaintiff further allege that the City of Texarkana is also responsible for this incident. The City was aware that officers would likely encounter similar situations and citizens would be placed in danger when excessive force was used. Despite this awareness, the City took no reasonable steps to adequately train officers on the appropriate use of force or supervise and monitor the excessive use of force by Texarkana police officers. These practices and lack of training are so common as to constitute a custom that fairly represents a policy of the City of Texarkana and the Texarkana Police Department.

14. The implementation of the above practices, including the failure to implement and enforce written policies, and the lack of adequate training by the Defendants constitutes deliberate indifference to the rights of Mr. Grigsby, Jr. and Plaintiffs. Further, these were the moving force and direct cause of Mr. Grigsby's death.  Defendants were acting under color of state law in the deprivation of Mr. Grigsby's and Plaintiffs' constitutional rights.

## Exemplary Damages and Punitive Damages

15. Plaintiffs incorporate all allegations set forth in previous paragraphs as fully set forth herein. The conduct of Defendants was done willfully, recklessly, wantonly, maliciously, and/or intentionally. This conduct was so flagrant as to offend the public's sense of justice and propriety.  Accordingly, Plaintiffs are entitled to recover exemplary and punitive damages in an amount determined by the jury that is sufficient to punish Defendants, to serve as an example to others, and as a deterrent of future conduct.

## Actual and Compensatory Damages

16. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

17. Plaintiffs have suffered out-of-pocket expenses, which include travel expenses, attorney's fees, loss of the income, and other expenses. Accordingly, Plaintiffs seek all general, special, incidental, and consequential damages as shall be proven at the time of trial, including exemplary and enhanced damages, pre-judgment interest, and post judgment interest.

18. Plaintiffs have also suffered emotional distress, pain and suffering, and other mental and emotional damages associated with the untimely and violent death of their son.

19. The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Such amounts exceed the minimum jurisdictional limits of this Court. Plaintiffs reserve the right to amend and state further with respect to their damages.

## Pre-judgment and Post-judgment Interest

20. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

21. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants.

22. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

Demand for Jury Trial

23. Plaintiffs demand a trial by jury for all the issues so triable.

Demand for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer and that upon final hearing, Plaintiffs have judgment of and from the Defendants, jointly and severally for:

(a) equitable relief;

(b) past and future pain and suffering;

(c) past and future mental anguish;

(d) actual, incidental, and consequential damages;

(e) reasonable attorney fees;

(f) costs of court;

(g) punitive and exemplary damages in an amount above the minimum jurisdictional limits of this court;

(h) pre-judgment interest at the maximum legal rate for all damages suffered;

(i) post-judgment interest at the maximum legal rate for all damages suffered; and

(j) for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled may deem appropriate.

Respectfully submitted,

**SHAW LAW GROUP**

/s/Derrell Coleman
**Derrell Coleman**
State Bar No. 04558550
620 W. Main Street
Gun Barrel City, Texas 75156
903-880-0224 – Telephone
903-880-0219 – Facsimile
**ATTORNEY FOR PLAINTIFF**